# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:17-cv-00782-RM-STV

JEREMIAH JOHNSON,

    Plaintiff,

v.

CORRECT CARE SOLUTIONS, LLC,
DAVID JONES,
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,
ARAPAHOE COUNTY SHERIFF'S DEPARTMENT, and
MCDONALD'S RESTAURANT OF COLORADO, INC.,

    Defendants.

_____

## ORDER
_____

This matter is before the Court on the November 21, 2018, Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 165) to grant in part and deny in part two motions to dismiss (ECF Nos. 131, 135). The magistrate judge's recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation. (ECF No. 165 at 30 n.15.) No objections have been filed by any party, and the time to do so has expired. "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The magistrate judge evaluated the motions to dismiss and the claims asserted against each Defendant. The magistrate judge determined that Defendant Arapahoe County Sheriff's Office is not a proper defendant under Colorado law, and therefore Plaintiff's claims against it fail as a matter of law.

The magistrate judge determined that the allegations in the complaint pertaining to Defendant Arapahoe County Board of County Commissioners are insufficient to establish that it implemented a policy or custom that caused Plaintiff's alleged injuries and therefore recommended dismissal without prejudice of the claims against it.

With respect to Plaintiff's assertion that Defendants (except for Defendant McDonald's Restaurant of Colorado) were deliberately indifferent to his medical needs, thereby violating 42 U.S.C. § 1983, the magistrate judge determined Plaintiff had not plausibly alleged that any Defendant knew of, but disregarded, risks to Plaintiff's health. To the contrary, Plaintiff alleges numerous interventions in response to his complaints of pain. To the extent Plaintiff argues that those interventions were inadequate, the magistrate judge correctly noted that an inmate or detainee is not entitled to a particular course of treatment, and Plaintiff's mere disagreement about the medical care he received does not amount to a showing of deliberate indifference. For these reasons, dismissal without prejudice of Plaintiff's claims based on deliberate indifference is appropriate.

With respect to Plaintiff's remaining § 1983 claims premised on a theory of municipal liability, the magistrate judge found Plaintiff's allegations entirely conclusory. The Court agrees with this assessment based on the reasoning in the recommendation, and therefore dismissal without prejudice of Plaintiff's remaining federal claims is appropriate. In short, the Court

concludes that the magistrate judge's analysis was thorough and sound, and that there is no clear error on the face of the record with respect to dismissing Plaintiff's § 1983 claims.

In addition, the magistrate judge recommended that if the federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's negligence and premises liability claims under state law. The Court agrees that these claims are better resolved in state court, should Plaintiff wish to pursue them further.

Therefore, the Court ORDERS that the recommendation (ECF NO. 165) is ADOPTED and Plaintiff's motions to dismiss (ECF Nos. 131, 135) are GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiff's claims against Defendant Arapahoe County Sheriff's Department are DISMISSED WITH PREJUDICE;

(2) Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE;

(3) Defendant McDonald's Restaurant of Colorado's motion for summary judgment (ECF No. 156) is DENIED AS MOOT, and

(4) The Clerk of the Court is directed to CLOSE this case.

DATED this 21st day of February, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge